[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: November 3, 1995 Date of Application: November 16, 1995 Date Application Filed: November 21, 1995 Date of Decision: November 26, 1996 CT Page 168-J
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Numbers CR95-473910; CR94-465220; CR95-469244; CR95-462129; and CR94-460608.
Martin Zeldis, Esq., Defense Counsel, for Petitioner.
Herman Woodard, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After pleas of guilty, petitioner was convicted of robbery in the third degree in violation of General Statutes § 53a-136
(a); assault in the second degree in violation of § 53a-60
(a); wilful failure to appear in the second degree in violation of § 53a-173; larceny in the sixth degree in violation of § 53a-125; two additional counts of wilful failure to appear in the second degree in violation of § 53a-173; and three CT Page 168-K additional counts of larceny in the sixth degree in violation of § 53a-125.
As a result of such convictions, on the charge of robbery in the third degree, a sentence of five years execution suspended after two years, probation for five years was imposed. On the assault in the second degree, a consecutive five-year sentence execution suspended after two years with probation for five years was imposed. Concurrent sentences were imposed as follows: Larceny in the sixth degree, four counts, 90 days; wilful failure to appear in the second degree, two counts, one year. One count of failure to appear in the second degree was not prosecuted. The total effective sentence imposed was ten years execution suspended after four years, five years probation.
The facts underlying petitioner's conviction on the robbery and assault charges indicate that on April 9, 1995, she was in the commercial area of a car wash in Hartford. She was observed to take some merchandise from the shelf. After she walked out of the store without paying for the items, the manager followed her outside and asked her to stop and return the items. Petitioner then ran across the street and the manager chased her, and upon being confronted, the petitioner showed him a razor blade and said, "What do you want? Do you want me to kill you?" After further threatening language, petitioner then stabbed the manager CT Page 168-L in the left arm above the elbow and left the area.
The larceny offenses appear to have been unrelated shoplifting incidents.
Petitioner's attorney pointed out that her pleas to the robbery and assault charges were entered under the rule of NorthCarolina v. Alford, 400 U.S. 25, 35-37 (1970). Petitioner's version of the facts differed from that advanced by the State. She claimed that the injuries were inflicted by accident with a strap on her purse causing the cut rather than a razor blade. It is not the function of this Division, however, to retry the case. We proceed on the basis that there has been a conviction and that all elements of the offense have been proven.
The attorney argued that the sentence was excessive and should be reduced. He stated that petitioner considered herself severely punished for a crime which did not merit such punishment. The attorney argued that the offense committed may have been a robbery but only in the broadest definition of that term. The attorney also stated that petitioner's larcenies were undertaken to support her drug habit.
Speaking on her own behalf, petitioner expressed sorrow for causing the injuries but reiterated that they were caused by her CT Page 168-M pocketbook and not by a razor.
The state's attorney argued against any reduction in sentence. In so doing, he stressed petitioner's criminal record and the facts underlying the robbery conviction.
Petitioner has a long history of criminal activity. Although most of her crimes have been of a petty nature, the seriousness of the offenses has escalated. Petitioner appears to have adopted an anti-social criminal lifestyle. It is the duty of the Court to protect the public from such conduct. Under the circumstances existing here, it cannot be concluded that the sentence imposed was inappropriate or disproportionate. This is particularly true when the nature of the offense and the character of the petitioner are considered.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in CT Page 168-N this decision.